UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHE KEUNG LING, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO.   C05-2132-JLR-MJB <br>                (CR98-220-BJR) <br><br> REPORT AND RECOMMENDATION |

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner is a federal prisoner who is currently confined at the Taft Correctional Institution in Taft, California. Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a response raising the statute of limitations as a bar to the Court's consideration of petitioner's motion. Because the government is correct in its argument, petitioner's motion should be dismissed as untimely.

<u>PROCEDURAL HISTORY</u>

On August 15, 2000, petitioner pleaded guilty to one count of trafficking in counterfeit credit cards and one count of using a counterfeit credit card. (*See* CR98-220-BJR, Dkt. Nos. 22 and 23.) Petitioner thereafter moved to withdraw his guilty plea. (*Id.*, Dkt. No. 40.) On July 9, 2001, the Honorable Barbara Jacobs Rothstein, United States District Judge, issued an Order denying

REPORT AND RECOMMENDATION
PAGE 1

petitioner's motion to withdraw his guilty plea. (*Id.*, Dkt. No. 54.) On October 16, 2001, Judge Rothstein sentenced petitioner to 110 months imprisonment. (*See* CR98-220-BJR, Dkt. Nos. 61 and 62.) Judgment was entered in petitioner's case on October 17, 2001. (*Id.*, Dkt. No. 62.)

Following his sentencing, petitioner filed an appeal in which he challenged both his sentence and the denial of his motion to withdraw his guilty plea. (*See* Dkt. No. 1, Ex. C.) The Ninth Circuit issued a memorandum order affirming this court's judgment and sentence on November 18, 2002. (*Id.*) On December 13, 2002, the mandate of the Ninth Circuit Court of Appeals was entered on this court's docket. (*See* CR98-220-BJR, Dkt. No. 75.)

Petitioner next filed a petition for writ of mandamus with the Ninth Circuit. (*See* Dkt. No. 2 at 6; Dkt. No. 9 at 2.) The Ninth Circuit denied that petition on March 14, 2003. (CR98-220-BJR, Dkt. No. 76.) Petitioner filed a petition for rehearing *en banc*, but that petition was denied on July 28, 2003. (*See* Dkt. No. 2 at 7; Dkt. No. 9 at 2.)

On December 28, 2005, petitioner filed the instant motion for relief under § 2255. Petitioner also filed a supplement to his § 2255 motion on January 20, 2006. (Dkt. No. 7.) On February 17, 2006, the government filed a timely response to petitioner's motion (Dkt. No. 9), and petitioner filed a reply brief in support of his motion on March 2, 2006 (Dkt. No. 10).

## DISCUSSION

Petitioner asserts in his § 2255 motion that his sentence was imposed in violation of his Sixth Amendment right to be sentenced strictly on the facts admitted by him in his guilty plea. Petitioner seeks re-sentencing pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). In its response, the government argues that petitioner's motion is untimely and therefore barred from review.

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This one-year statute of limitations begins to run from the latest of –

REPORT AND RECOMMENDATION
PAGE 2

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner does not dispute that he filed the instant § 2255 motion more than one year after his conviction became final. Rather he relies upon subsection (3), as set forth above, which is effectively an exception to the general one-year time limit set forth in subsection (1). This exception essentially has two conditions that must be satisfied before it applies. First, petitioner must show that he filed the § 2255 motion within one year from the date that the Supreme Court announced any "newly recognized" rights that are the basis of the motion. Second, petitioner must show that the Supreme Court made these rights "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

It is undisputed that the Supreme Court decided *Booker* less than one year from the date that petitioner filed the instant § 2255 motion. However, the Supreme Court has been silent as to whether *Booker* applies retroactively. The Ninth Circuit – and all other circuit courts that have considered the question – has held that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).[1] Thus, petitioner fails to satisfy the second prong of the exception and his § 2255 motion is therefore untimely.

---

[1] Petitioner appears to argue in his supplement to his § 2255 motion, and in his reply brief, that *Cruz* was wrongly decided. Of course, that argument cannot prevail here as the decision of the Ninth Circuit are binding on this Court.

REPORT AND RECOMMENDATION
PAGE 3

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is barred by the applicable statute of limitations and should be dismissed. A proposed order is attached to this Report and Recommendation.

DATED this 16th day of June, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 4